UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY COCHRAN, | ) | Case No.: 4:20 CV 01943 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN MARK K. WILLIAMS, | ) | |
| | ) | MEMORANDUM OPINION |
| Respondent | ) | AND ORDER |

## I. INTRODUCTION

*Pro se* Petitioner Larry Cochran, a federal inmate incarcerated at FCI Elkton at the time of the filing of this action, has filed an Emergency Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He alleges that he was falsely accused of altering an Approval Letter regarding his request for Compassionate Release. Petitioner further alleges that this accusation resulted in an incident report being filed against him in which he was charged with attempted escape. ECF No. 1. He asks the Court to expunge the incident report, restore his lost good time credit, and rescind other restrictions imposed upon him. *Id.* at PageID # 4.

For the reasons that follow, the Petition is denied.

## II. BACKGROUND

On January 5, 2019, Petitioner filed a request for compassionate release with the Bureau of

Prisons ("BOP") based upon his deteriorating medical condition. Petitioner states that he is blind, wheelchair bound, and suffers "severe cognitive defects," and he requires assistance with daily living skills. ECF No. 1 at PageID #2. He stated that he engaged the services of an inmate companion to assist with the filing of his request for release as well as this Petition.

On April 17, 2019, the BOP denied his request for release. The denial letter acknowledged Petitioner's extensive medical history but indicated that upon consideration of other applicable factors, Petitioner did not have an approved release plan. The letter also noted that Petitioner had received an adjustment for obstruction of justice due to his failure to cooperate with the judge on his case, being disruptive in the courtroom, and denying his identity several times. *Id.* at PageID #56.

On or about June 26, 2019, Petitioner renewed his request for release, this time attaching a purported approval letter from the warden. *Id.* at Page ID ## 50, 54. The letter is nearly identical to the April denial letter with the exception of the last sentence on the first page of the letter indicating the petitioner "do[es] have an approved release plan" and the last sentence on the second page of the letter indicating "your request is approved." *Id.*

On August 12, 2019, the medical director, Jeffery D. Allen, M.D., submitted a report in which he noted Petitioner's medical history, his abilities, and his limitations in a memorandum to the associate general counsel. Dr. Allen concluded that Petitioner does not meet the BOP debilitated RIS criteria at the time, stating that "[a]lthough [Petitioner] requires some assistance with many of his * * * needs, it is largely comprised of set-up assistance, after which, he is independent. When he is in his wheelchair, he is mobile and is not confined to his room." *Id.* at PageID ## 36, 37. Then on October 7, 2019, in a memorandum to Warden Williams, the assistant director/general counsel, Ken Hyle, denied Petitioner's request, having concluded that Petitioner "is not completely disabled

and remains capable of performing most of his self-care, [and] he does not meet the criteria for a RIS." *Id.* at PageID ## 60, 61.

On December 5, 2019, Ben McGowan, Correctional Treatment Specialist at Elkton, indicated that there are three reports denying Petitioner's request for release. McGowan noted that "[o]riginally it appeared as if [Petitioner] was medically cleared however [he] did not have an approved release plan. Upon further review after [Petitioner] resubmitted, he was found not to be qualified." *Id.* at Page ID # 66. McGowan stated that Petitioner received copies all of the denials. *Id.*

On March 26, 2020, Lieutenant G. Shaffer completed an incident report in which he stated that he completed an investigation into Petitioner's June 26, 2019 renewed request for release. Lieutenant Shaffer concluded that Petitioner attempted to escape from prison by submitting an altered federal document to the United States District Court for the Northern Indiana in support of his compassionate release request. The lieutenant noted that he considered the following evidence: the altered "approval" letter from the warden; Elkton's outgoing legal mail log from June 26, 2019; the letter on record in the warden's office denying Petitioner's request; an interview with Petitioner in which he admitted to sending the false approval letter despite knowing his compassionate release had been denied; and inmate interviews that revealed Petitioner completed his own legal work without assistance. *Id.* at PageID # 45. Lieutenant R. Platt delivered the incident report to Petitioner on May 7, 2020. *Id.* at PageID ## 45, 47.

On May 12, 2020, a disciplinary hearing was conducted before the Disciplinary Hearing Officer ("DHO"). The DHO report indicated that Lieutenant Platt provided Petitioner with advanced written notice of the escape charge (a copy of the incident report) on May 7, 2020, and Petitioner was

advised of his rights before the DHO on May 11, 2020. The petitioner waved his right to witnesses. *Id.* at PageID #47.

The DHO considered the reporting staff member's written statement; the petitioner's testimony; the petitioner's written statement; an email message from Gary Bell, the Northern District of Indiana U.S. Attorney's Office Criminal Division Chief, indicating that the Court believed Petitioner was attempting to escape from prison through fraud; the altered Warden letter indicating Petitioner's release was approved; the authentic Warden letter indicating Petitioner's release was denied; the BOP's compassionate release request stating that following review, Petitioner's request was denied; the U.S. District Court for the Northern District of Indiana's December 2019 response indicating that Petitioner submitted an altered letter that appeared to have originated from the Elkton warden's office; and Elkton's legal outgoing mail log signed by Petitioner and dated June 26, 2019. *Id.* at PageID ## 50-51.

On May 18, 2020, the DHO found Petitioner had committed the prohibited act of escape and sanctioned Petitioner as follows: (1) 41 days disallowance of good conduct time; (2) 60 days disciplinary segregation; (3) 180 days loss of phone; and (4) 180 days loss of commissary. The DHO report was delivered to the Petitioner on May 19, 2020. *Id.* at PgeID #52.

Petitioner now claims that he was falsely accused and wrongfully convicted of attempted escape and that the DHO's finding of guilty was not supported by sufficient evidence. *Id.* at PageID ## 2, 8. Petitioner contends that the disciplinary hearing therefore violated his due process rights.

## II. STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

### III. DISCUSSION

Petitioner claims that the DHO falsely accused him of altering the warden's denial letter, and the DHO's finding that Petitioner attempted escape by fraudulent means was not supported by "some evidence." Petitioner argues that his due process rights were therefore violated.

The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call

witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id.* at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id.* at 457.

Here, although Petitioner attempts to characterize his claim as a denial of due process, he simply attacks the result of the disciplinary hearing. He does not complain about the hearing process or suggest that he did not have sufficient notice of the charges. Indeed, the record reflects that Petitioner was afforded due process protections. Petitioner received a copy of the incident report on May 7, 2020, and the disciplinary hearing was held on May 12, 2020. Petitioner presented a written statement in his defense for the DHO's consideration, as well as his own testimony, and he waived his right to present witnesses. And on May 19, 2020, the DHO delivered to Petitioner a lengthy written statement outlining the evidence relied on and the reasons for the disciplinary action.

To the extent Petitioner claims the DHO's evidence was insufficient, his claim fails. There is ample evidence in the record to support the DHO's finding of guilt. In addition to the

investigation and report, the evidence considered by the DHO included the petitioner's testimony in which he admitted sending the letter that falsely stated his request was approved despite knowing that his request had already been denied, both the actual denial letter and the altered "approval" letter, an email message from the Northern District of Indiana U.S. Attorney's Office Criminal Division Chief, indicating that the Court believed Petitioner was attempting to escape from prison through fraud, the BOP's compassionate release request stating that Petitioner's request was denied, the U.S. District Court for the Northern District of Indiana's December 2019 response indicating that Petitioner submitted an altered letter that appeared to have originated from the Elkton warden's office, and Elkton's legal outgoing mail log dated June 26, 2019, and signed by Petitioner.

The record demonstrates that all of the requirements of *Wolff* were satisfied and there is "some evidence" to support the DHO's finding that Petitioner was guilty of escape. While Petitioner disputes the DHO's resolution of factual issues and his finding of guilt, his disagreement does not demonstrate that he was denied due process.

### IV. CONCLUSION

For all of the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is hereby dismissed pursuant to 28 U.S.C. § 2243.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

IT IS SO ORDERED.

/s/ Solomon Oliver, Jr.
UNITED STATES DISTRICT JUDGE

December 9, 2020